## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Case No. 1:21-cv-00285**

**PEDRO UCPECH,**

        **Plaintiff,**

**v.**

**CHEZ THUY CORPORATION**, d/b/a Chez Thuy Restaurant, and
**THUY LE**, an individual

        **Defendants.**

---

## COMPLAINT

---

### <u>INTRODUCTION</u>

1. Plaintiff Pedro UcPech ("Plaintiff") worked as a "prep cook" or kitchen helper for Defendants' restaurant for the better part of a year.  During this time, he normally worked six days a week for both the lunch and dinner shifts, which came to about 12 hours a day altogether. Despite the fact that he worked more than 40 hours most workweeks, Defendants did not pay him time-and-a-half for his overtime work. Instead, they simply paid him a set amount per month.

2. To challenge this and other wage violations, Plaintiff brings this action, by and through counsel, against Defendants Chez Thuy Corporation, d/b/a Chez Thuy Restaurant, and Thuy Le, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

Wage Order (collectively "CWCA").

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4.  This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5.  Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* The events giving rise to the instant litigation occurred at the Defendants' restaurant located at 2655 28th Street, Boulder, CO 80301, and Defendants reside in this district.

## PARTIES

### Defendant Chez Thuy Corporation

6.  Defendant **Chez Thuy Corporation** (hereinafter "Chez Thuy") is a corporation doing business within Boulder County, and whose principal place of business is located at 2655 28th St Boulder CO 80301. Its registered agent is listed with the Colorado Department of State as Thuy Le at the same address.

7.  At all relevant times, Defendant Chez Thuy Restaurant had annual gross revenues in excess of $500,000.

8.  At all relevant times, Defendant Chez Thuy Restaurant was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.  Upon information and belief Defendant Chez Thuy Restaurant purchases good, supplies, equipment and other necessary items to run its restaurant and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*UcPech v. Chez Thuy Restaurant*
USDC, District of Colorado

Complaint
Page 2

Colorado.  Further, Defendant Chez Thuy Restaurant advertises its restaurant to the entire world on the internet at "www.chezthuy.com." Defendant Chez Thuy Restaurant also accepts payments by credit cards and utilizes the phone and internet lines to accept and transmit payments.

10. At all times material to this action, Defendant Chez Thuy Restaurant was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Thuy Le**

11. Defendant Thuy Le, an individual, resides at 1840 South Federal Blvd., Denver, CO 80219, Denver County, upon information and belief.

12. Defendant Le has an ownership interest in and/or is a shareholder of Chez Thuy Restaurant.

13. At all times material to this action, Defendant Le actively participated in the business of the corporation.

14. At all times material to this action, Defendant Le exercised substantial control over the functions of the company's employees including Plaintiff.  For example, she had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

15. At all times material to this action, Defendant Le was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Pedro UcPech**

16. Plaintiff Pedro UcPech is a resident of Longmont, Colorado.

17. Plaintiff worked for Chez Thuy Restaurant as a prep cook or kitchen helper from approximately August 1, 2019 to June 26, 2020, with a break of a week or two sometime early in his employment.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*UcPech v. Chez Thuy Restaurant*
USDC, District of Colorado

Complaint
Page 3

18. Plaintiff's duties and responsibilities included preparing and cutting food, putting away food as it arrived, and cleaning the kitchen.

19. At all times material to this action, Plaintiff UcPech was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

20. Plaintiff's primary superior or "boss" was Thuy Le.

21. While in this position, Defendants paid UcPech a flat amount per month, regardless of the quantity of hours he had worked.

22. Each month Defendants paid the Plaintiff $3,000 in cash plus a payroll check for $1,500 (minus withholdings).

23. Thus, for any overtime work, Plaintiff's "regular rate" would be his total compensation, which is $54,000 per year ($4,500 times 12), divided by 52 weeks ($1,038.46), divided by 40 hours, which yields a regular hourly rate of $25.96, with a corresponding overtime rate of $38.94 per hour.

24. While working in this capacity, Plaintiff UcPech not expected to record his time worked, such as by punching a time clock, making an entry in an app, or writing down his time on a log. He was also not aware of anyone else keeping track of what his work hours were.

25. Plaintiff's work times varied in the time that he was employed by the Defendants. From August, 2019 until March, 2020, he worked Monday through Friday, from 10:00 A.M. until 10:00 P.M., with a one-hour break for lunch, and Sundays from 2:30 P.M. until 10:00 P.M.. This comes to 62.5 hours per week, or 22.5 hours of overtime per week.

26. 22.5 hours of overtime a week times $38.94 per hour is $876.15 per week. For the 8 months from August until March, 2020, or approximately 32 workweeks, this comes to $28,036.80 in unpaid overtime pay.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*UcPech v. Chez Thuy Restaurant*
USDC, District of Colorado

Complaint
Page 4

27. From April until mid-June, 2020, he worked the same days of the week from 2 P.M. until 8 P.M., which was about 36 hours per week.

28. During this period, the Plaintiff was out sick from COVID-19. Due to illness, he missed his scheduled shifts for 18 days.

29. Plaintiff never received any sick leave pay for the period during which he was out with COVID.

30. He is also owed 80 hours at his regular rate in sick time, which comes to $2,076.80.

31. Finally, for his last two weeks of work with the Defendants, he worked his standard, pre-COVID hours. For the final two weeks that he worked for Defendants, he is owed $1,752.330 in unpaid overtime.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

32. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

33. Defendants failed to compensate Plaintiff at a rate of one- and one-half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

34. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*UcPech v. Chez Thuy Restaurant*
USDC, District of Colorado

Complaint
Page 5

*Willful & Not Based On Good Faith & Entitlement to Damages*

35. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

36. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

37. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

38. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

39. The Defendants were Plaintiff's "employers" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

    a. Plaintiff is an "employee" and Defendants are "employers" under the FLSA.

    b. Defendants employed the Plaintiff in a business or enterprise that sells or offers for sale a service, commodity, article, good real estate, wares or merchandise to the consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(A).

    c. Defendants employed the Plaintiff in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(C).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*UcPech v. Chez Thuy Restaurant*
USDC, District of Colorado

Complaint
Page 6

40. Plaintiff was Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### Failure to Pay Weekly Overtime Premiums
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

41. Plaintiff worked more than 40 hours at least some workweeks.

42. Defendants did not pay the Plaintiff overtime pay for hours worked over 40 in each workweek.

43. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

44. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

45. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek (or 12 hours per day). 7 C.C.R. §1103-1(4).

46. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### Failure to Pay All Earned Wages
**(Violation of the C.R.S. § 8-6-109)**

47. Plaintiff has been separated from employment with Defendants.

48. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment, as alleged above.

**ANDERSON**DODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*UcPech v. Chez Thuy Restaurant*
USDC, District of Colorado

Complaint
Page 7

***Denial of Mandatory Rest Periods***
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

49. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

50. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order 7 C.C.R. 1103-1(8).

***Record-Keeping Failures; Failure to Provide Pay Stubs***
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

51. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    d.  name, address, social security number, occupation and date of hire

    e.  date of birth, if the employee is under eighteen (18) years of age

    f.  daily record of all hours worked

    g.  record of allowable credits and declared tips

    h.  regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

52. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

***Damages***

53. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*UcPech v. Chez Thuy Restaurant*
USDC, District of Colorado

Complaint
Page 8

and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)     Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B)     Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)     Award Plaintiff statutory damages as provided for by Colorado law; and

(D)     Award Plaintiff interest; and

(E)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)     Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **28th** day of **January, 2021.**

ANDERSONDODSON, P.C.

 *s/ Penn Dodson*
**Penn A. Dodson**
*penn@andersondodson.com*
(212) 961-7639
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
NY Bar No. 2738250
11 Broadway, Suite 615
New York, NY  10004
Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*UcPech v. Chez Thuy Restaurant*
USDC, District of Colorado

Complaint
Page 9